# UNITED STATES DISTRICT
# FOR THE NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

MELISSA VASQUEZ,

               Plaintiff,

               v.

TRANSUNION, LLC,

               Defendants.

Case No.

## **<u>COMPLAINT</u>**

NOW COMES Plaintiff, MELISSA VASQUEZ ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant TRANSUNION, LLC. ("TRANSUNION".) referred to as "Defendant"):

### **Nature of the Action**

1.    This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### **Parties**

2.    Plaintiff is a natural person at all times relevant residing in Lubbock County, in the City of Lubbock, in the State of Texas.

3.    At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4.    Defendant TRANSUNION is a corporation conducting business in the State of Texas and is headquartered in Chicago, Illinois.

5.    Defendant TRANSUNION is a "person" as that term is defined by a consumer reporting agency as that term is defined by 15 U.S.C. § 1681a(b).

6.    Defendant TRANSUNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

7.    Defendant TRANSUNION is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

8.    At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

9.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10.    Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein

claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Factual Allegations

11.     Plaintiff is a consumer who is the victim of inaccurate reporting by TRANSUNION regarding a credit account she had with TD Bank, settled with TD Bank, and paid to TD Bank.

12.     CRAs, including TRANSUNION have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

13.     Further, both CRAs and Furnishers have a duty to conduct a reasonable investigation when notified of disputed information found in a consumer credit report.

14.     Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with TD Bank, an inaccuracy found in credit reports published by TRANSUNION.

15.     The following is a description of the inaccuracy and failures of all Defendants to investigate and update their reporting of the account in question.

16.     On or about May 9, 2023, Plaintiff and TD Bank settled an account ending in 6721 (the "Account") for $3,097.00.

17.    Per the terms of the agreement, Plaintiff made consecutive payments from May 9, 2023 until February 9, 2024 totaling three thousand ninety-seven dollars ($3,097.00) and thereby satisfied the terms of the agreement.

18.    On April 19, 2024 Plaintiff received a copy of her credit report from TRANSUNION.

19.    To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant TRANSUNION reported inaccurate information regarding the status of the Account.

20.    Specifically, TRANSUNION reported the Account with a status of "Collection/Charge Off", a balance owed of $2,684.00 and failed to report the payments that were made to satisfy the Account.

21.    The CRA Defendant's failure to report the Account correctly and failure to report the accurate status, accurate balance and failure to report the payments Plaintiff made on the Account harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history

22.    On April 19, 2024, Plaintiff issued a dispute by mail to Defendant TRANSUNION regarding the inaccurate information being reported on the Account.

23.    In her dispute letter Plaintiff disputed the inaccurate entry in her credit report that the Account was in a "Collection/Charge Off" status and that any balance

was owed on the Account.  She also included proof of the agreement between her and TD Bank and proof of the payments made in satisfaction of the agreement.

24.    Her dispute package was delivered on or about April 25, 2024.

25.    Upon information and belief, TRANSUNION would have notified TD Bank of Plaintiff's dispute within five days of receiving Plaintiff's dispute.

26.    Further, upon information and belief, TRANSUNION would have sent the documentation Plaintiff included in her dispute letter to TD Bank, including the terms of the settlement and proof of payments.

27.    Despite her very specific dispute and accompanying documents supporting her dispute, Plaintiff found the same inaccuracies from TRANSUNION, on an updated credit report she received on July 01, 2024.

28.    At the time of the filing of this complaint TRANSUNION continues to report the Account inaccurately as having a status of "Collection/Charge Off," having a balance owed and misreporting the payments made on the Account.

29.    If TRANSUNION would  have complied with its statutory duties, inaccurate information concerning the Account would not have been reported despite notice from Plaintiff.

30.    Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account TRANSUNION is required to follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff.

31.    As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit along with mental and emotional distress.

32.    Further, Plaintiff has been hesitant to apply for any new credit until these inaccuracies are resolved.

33.    Because of her concern over the effects Defendant's misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that she has had the financial means to do both.

**COUNT I – TRANSUNION**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681e(b)**

34.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-33.

35.    After receiving Plaintiff's dispute regarding the Account, TRANSUNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

36.    TRANSUNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANSUNION published and maintained concerning Plaintiff.

37.    As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38.    TRANSUNION's conduct, action, and inaction were willful, rendering Defendant TRANSUNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

39.    In the alternative, TRANSUNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

40.    Plaintiff is entitled to recover costs and attorneys' fees from TRANSUNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

///

///

///

///

## COUNT II – TRANSUNION

## Violation of the Fair Credit Reporting Act

## 15 U.S.C. § 1681i

41.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-33.

42.    After receiving Plaintiff's dispute for the Account, TRANSUNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

43.    Defendant TRANSUNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

44.    As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45.    TRANSUNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46.    In the alternative, Defendant TRANSUNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

47.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANSUNION pursuant to 15 U.S.C. §1681n and/or §1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against TRANSUNION for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated:  December 16, 2024

By: */s/ Jeffrey Lohman*
   Jeffrey Lohman, Bar #032315
   **The Law Offices of Jeffrey**
   **Lohman, PLLC**
   2325 Camelback Road, Suite 400
   Phoenix, AZ  85016
   T:  (602) 461-7404
    E: JeffL@jlohman.com

   Attorneys for Plaintiff,
   MELISSA VASQUEZ